PRICE, Judge.
C. D. Hunter has appealed from the judgment of the trial court rejecting his demands in this direct action against the liability insurer of Roy H. Corley for damages resulting from an intersectional automobile collision in the City of Mansfield.
Firemen’s Fund Insurance Company was originally named as defendant, but by amended pleadings, the American Insurance Company was substituted as the proper party defendant.
At about 4:00 p. m. on March 27, 1975, as Hunter was driving west on Gibbs Street, his automobile collided with the vehicle be *146 ing driven in a southerly direction by Corley on Monroe Street. Gibbs is the favored thoroughfare, and a stop sign controls traffic entering the intersection of these streets from Monroe Street.
Hunter contends the accident was caused solely from the negligence of Corley in failing to comply with the stop sign and not maintaining a proper lookout before proceeding into the intersection with the street accorded the favored right-of-way. In responsive pleadings, American denied Corley was guilty of negligence, and alleged Hunter’s negligence in driving at an excessive speed and failing to maintain a proper lookout was the sole cause of the accident. In the alternative, American pled the doctrine of contributory negligence as a bar to recovery by Hunter.
The trial judge found Hunter negligent in driving at an excessive speed, and in failing to see the Corley vehicle slowly entering the intersection at a time when he could have either stopped or taken evasive action to have avoided the collision.
We reverse the judgment rejecting Hunter’s demands and award him damages in accord with the evidence.
The only witnesses to the accident were the drivers of the vehicles involved.
Hunter testified he did not see the Corley vehicle until it suddenly pulled out in front of him from Monroe Street, and that although he immediately applied his brakes, he could not stop in time. He further testified he was driving within the speed limit of 30 miles per hour at the time.
Corley testified he came to a stop at the intersection in response to the stop sign facing him and allowed several cars to pass on Gibbs Street before slowly proceeding into the intersection. He further testified “and then after that time I pulled out slowly and pulled out just a little in the highway and when I looked to my left I saw Mr. . well I didn’t know who it was right then, but Mr. Hunter and in my judgment he was coming pretty fast . . . ”
The trial judge based his conclusion that Hunter was traveling at an excessive speed on evidence showing Hunter’s vehicle left 30 feet of skid marks prior to colliding with the Corley automobile and retained enough speed to force the Corley car to a position parallel with Gibbs Street.
This physical evidence of itself is not sufficient to corroborate Corley’s testimony that Hunter appeared to be traveling at an excessive speed. The left front side of the Corley car was struck by the front of the Hunter vehicle in the northwest quadrant of the intersection. This shows the collision took place just as Corley pulled into the intersection which strongly supports Hunter’s contention that he did riot have time to stop. This also negates any question that Corley had preempted the intersection.
The physical evidence as reviewed above when weighed along with Corley’s testimony clearly shows he was negligent in entering the intersection in the path of the Hunter automobile, and that this negligence was the sole cause of the accident. Hunter was, therefore, free of any contributory negligence.
As all evidence concerning Hunter’s personal injuries is in the record before us, we are in a position to pass on the issue of quantum without the necessity of remanding the case to the trial court for this purpose.
Hunter was examined at DeSoto General Hospital after the accident by Dr. J. L. Grindle. He was there overnight and treated for a contused left shoulder and right rib cage.
As he continued to have problems with this shoulder, he was referred to Dr. Ray King, an orthopedist of Shreveport, in June, 1975. Dr. King diagnosed plaintiff’s injury as a frozen left shoulder caused by adhesive capsulitis and sclerosis in the greater tuber-osity. He recommended therapy known as Blake’s traction for primary treatment, and should this not succeed, he recommended the shoulder be manipulated with Hunter under an anesthetic to break loose the adhe-sions.
Hunter underwent the Blake therapy in DeSoto General Hospital from July 2, 1975, *147 to July 11, 1975. He was last examined by Dr. King in November, 1975, at which time it was noted that he continued to have some stiffness in the shoulder.
Hunter contends he is unable to undergo the second treatment recommended by Dr. King as he cannot be placed under a general anesthesia. He had undergone open heart surgery in 1973, and evidence was presented showing it is more hazardous for a person in his circumstances to be placed under an anesthesia. He, therefore, contends disability is permanent.
The primary issue is whether the accident could have caused the adhesive capsulitis in Hunter’s shoulder. Dr. King explained this is a condition which is slow in manifesting itself. As Hunter had suffered from gout for a period of time prior to the accident, Dr. King was of the opinion he was more inclined to develop the adhesions in the shoulder capsule. He explained that a sudden trauma received in an accident, although not a direct and immediate cause, could result in injury to the shoulder which would prevent its being moved freely for a period of time and this inactivity would probably have caused the adhesions to form.
We are of the opinion that the medical evidence is sufficient to show the accident had a causal connection with Hunter’s frozen shoulder.
He has sued for past and future loss of wages contending that he is unable to carry out the duties as a body shop repairman in the same manner as prior to the accident.
Dr. King found Hunter to have a fifteen to twenty per cent disability to the shoulder which would affect his use of the shoulder in overhead lifting only.
The evidence shows Hunter had for several years prior to the accident worked as foreman of the body shop at Lowery Motor Company in Mansfield. He worked on a commission, receiving a percentage of the gross receipts from the work of others in the shop. He had, at times in the past, done some work himself for which he received a greater percentage. Since his open heart surgery, his work had been more limited to preparing estimates of repairs and supervision the work of others. A comparison of his 1974 and 1975 income tax returns does not show he had suffered any loss of income in 1975, the year of the accident.
The evidence taken as a whole does not show to a degree of legal certainty that Hunter has sustained any loss of past earnings or any predictable basis for a loss of future earning capacity caused by the accident.
He has, however, undergone some pain and suffering which can be attributed to the accident and which may continue to some degree in the future. An award of $5,000 for general damages in sufficient to compensate him for his injury.
Although medical expenses were sued for, there was no evidence presented of any such expense nor evidence of estimated future medical costs. Therefore, no amount can be awarded for this purpose.
The judgment appealed is reversed, and judgment is rendered in favor of C. D. Hunter against The American Insurance Company for the sum of $5,000, together with legal interest thereon from judicial demand until paid, and all costs of this proceeding, including this appeal. The fees of the expert witnesses for plaintiff are taxed as costs and are fixed as follows:
Dr. Ray King $100
Dr. John Bagley $100
Mr. Alva Nash $ 50
Reversed and rendered.